# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
### CENTRAL DIVISION
#### LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NO. 5:19-CR-115-KKC-1 |
| **Plaintiff,** | |
| V. | **OPINION AND ORDER** |
| RYAN KEITH HERNDON | |
| **Defendant.** | |

**\*\*\* \*\*\* \*\*\***

This matter is before the Court on *nunc pro tunc* motion (R. 51) and motion for compassionate release (R. 52) filed by Defendant Ryan Keith Herndon.

By judgment dated June 29, 2020, the Court sentenced Herndon to a prison term of 78 months after he pleaded guilty to the sale of a firearm to a convicted felon, possession of a firearm by a convicted felon, and distribution of a mixture or substance containing a detectable amount of heroin, valeryl fentanyl, fentanyl, and methamphetamine. (R. 37.) According to the Bureau of Prisons' website, Herndon is scheduled for release on March 15, 2030. He is currently housed at FCI Terre Haute in Indiana.

Herndon's *nunc pro tunc* motion appears to take issue with the way the Bureau of Prisons (BOP) is calculating his sentence. "After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 334-35 (1992) (citing 18 U.S.C. § 3621(b)). The BOP is the entity that has the authority to apply certain credits to a sentence,

not the court. *Id.* Thus, Herndon must make his request first to the BOP. If Herndon is dissatisfied with the outcome after exhausting his administrative remedies with the BOP, he may pursue a claim in federal court under 28 U.S.C. § 2241. A § 2241 petition must be brought in the district in which the prisoner is incarcerated. Accordingly, the Court will deny Herndon's *nunc pro tunc* motion.

Similarly, the Court will deny Herndon's motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A) provides for what is commonly referred to as "compassionate release." Under that statute, either the Director of the Bureau of Prison or the defendant may move for a reduction in a defendant's term of imprisonment. A defendant may make his own motion for compassionate release only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A). The Sixth Circuit has determined that the occurrence of one of the two events mentioned in the statute is a "mandatory condition" to the Court granting compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id.* at 834.

Here, the Government disputes that Herndon has met the mandatory condition. (R. 58.) While it concedes that Herndon made a request for compassionate release to the Warden at FCI Terre Haute, the Government argues Herndon did not follow the proper procedure upon receiving the Warden's denial of his request on July 21, 2025. Specifically, the Warden's denial notified Herndon "of his right to appeal that declination within twenty days of receipt through the facility's Administrative Remedy Program," but Herndon did not appeal the declination and, instead, filed a motion for compassionate release. (*Id.* at 3

2

(citation omitted).) The motion for compassionate release was filed in the record on July 29, 2025.  The postmark indicates Herndon mailed the motion to the Court on July 23, 2025.

Herdnon's actions do not comply with § 3582(c)(1)(A). He did not fully exhaust all administrative rights to appeal, because he did not appeal the Warden's decision through the facility's Administrative Remedy Program. Additionally, the Warden has not brought a motion on the defendant's behalf. While "[p]risoners who seek compassionate release have the option to take their claim to federal court within 30 days, no matter the appeals available to them," Herdon did not wait the requisite 30 days. *See United States v. Alam*, 960 F.3d 831, 833-834 (6th Cir. 2020).

Accordingly, the Court will deny the motion without prejudice. Herndon may refile his motion in compliance with the § 3582(c)(1)(A) timing requirement.

For all these reasons, the Court HEREBY ORDERS the following:

(1)  Herndon's *nunc pro tunc* motion (R. 51) is DENIED; and

(2)  Herndon's motion for compassionate release (R. 52) is DENIED without prejudice.

This 6th day of April, 2026.

**Signed By:**

*Karen K. Caldwell*

**United States District Judge**